[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner was on two probations. One for Risk of Injury to a Minor[1] and the other for Possession of Narcotics. For each offense the sentencing court imposed a 7-year sentence execution suspended after 18 months incarceration to be followed by three years probation. Each was to be served concurrently with the other.
Relevant to the probation for which the underlying charge is Risk of Injury the record reflects that the petitioner broke into a private residence with another in order to assault/intimidate the victim who apparently owed petitioner money. The petitioner broke into the victim's rear bedroom. Apparently, in an effort to get at the victim the petitioner "grabbed and pushed and threw" a 21-month-old child out of the way so that petitioner and his associate could assault the victim.
The Division was not provided with the underlying facts for the possession of narcotics conviction for which petitioner was also on probation. Apparently, the petitioner had similar conditions of probation in both matters.
During his probation the petitioner tested positive for the presence of cocaine. Petitioner was ordered to call in daily to reserve his in-patient bed at a particular facility. The petitioner failed to call in daily and the bed was no longer available. Petitioner was ordered into another residential treatment program in order to treat his substance abuse problem petitioner refused in-patient treatment.
The trial court found that the petitioner was in violation of both of his probations and that under the circumstances continued probation would not serve "a useful rehabilitative purpose."
The petitioner had exposure of 5 1/2 years on each violation of probation. The court revoked both probations and imposed a 5-year sentence CT Page 1893 on each to be served concurrently. It is this sentence petitioner seeks to have reviewed.
At the hearing before the Division the petitioner explained that he never had a drug program; that in prison he took advantage of the programs available and found them helpful. The petitioner advised the Division that he has a 1 1/2-year-old son and that he had employment.
What is noteworthy is that petitioner has an extensive criminal history with at least two previous violations of probations.
Apparently, the anomaly escapes the petitioner. Petitioner now seeks in-patient drug treatment. In the event he had availed himself of that opportunity when it was provided him, he would in all likelihood not be presently incarcerated.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentence except in accordance with the provisions of Connecticut Practice Book § 43-28
et seq., and Connecticut General Statute § 51-194 et seq.
The petitioner had the benefit of probation and failed to avail himself of the opportunities it provided. Petitioner has demonstrated by his continued use of narcotics while on probation and refusing to participate in any drug rehabilitation process that he is not amenable to continued and successive probationary periods.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence is AFFIRMED.
Miano, J.
Ford, J.
Holden, J. CT Page 1894
Miano, J., Ford, J., and Holden, J. participated in this decision.